NOT FOR PUBLICATION                                                                                       CLOSED

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| VONNIE RUBEN SMITH, JR., | : | Civil No. 08-2551 (JLL) |
| Plaintiff, | : | |
| v. | : | OPINION |
| H.C. PROSECUTORS OFFICE, et al., | : | |
| Defendants. | : | |

**LINARES, District Judge.**

      Plaintiff, Vonnie Ruben Smith, Jr. ("Plaintiff"), an inmate currently confined at the Bayside State Prison, Leesburg, New Jersey, seeks to bring this 42 U.S.C. § 1983 action in forma pauperis without prepayment of fees pursuant to 28 U.S.C. § 1915.

      By way of background, on May 23, 2008, the Clerk received Plaintiff's Complaint ("Complaint"), submitted together with Plaintiff's then incomplete application to proceed in this matter in forma pauperis. On May 29, 2008, this Court issued an order ("May Order") denying Plaintiff in forma pauperis status and directed the Clerk to administratively terminate this matter. Plaintiff was allowed to submit a complete in forma pauperis application within thirty days from the date of entry of the May Order. On June 9, 2008, the Clerk received Plaintiff's complete in forma pauperis application.

      Based on Plaintiff's affidavit of poverty, prison account statement, and the apparent absence of three dismissals within 28 U.S.C. § 1915(g), the Court finds that Plaintiff qualifies for prisoner in forma pauperis status, pursuant to 28 U.S.C. § 1915. This Court, therefore, grants

Plaintiff's application to proceed in forma pauperis, and directs the Clerk to file the Complaint and assess the $ 350.00 filing fee against Plaintiff.

At this juncture, this Court must screen the Complaint, since the Court is obligated to dismiss, at the earliest practicable time, those actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A; 42 U.S.C. § 1997e.  Here, Plaintiff names as Defendants in this action (1) Hudson County Prosecutors' Office ("Prosecutors Office"), (2) the Honorable Francis P. Destefano, ("Judge"), and (3) unspecified administrators of Hudson County ("Administrators").  According to the Complaint: (a) the Prosecutors Office violated Plaintiff's constitutional rights by wrongfully obtaining his convictions sixteen times, over the period lasting from 1984 to 2004; see Docket Entry No. 1, ¶ 4(b); (b) the Judge violated Plaintiff's rights by presiding over the trials, during which Plaintiff was convicted, see id. ¶ 4(c); and (c) the Administrators violated Plaintiff's rights by "never recogniz[ing] Plaintiff['s] pro se motions," including but not limited to Plaintiff's grievances asserting that he was wrongfully convicted and imprisoned and, apparently, by holding Plaintiff in custody pursuant to his orders of criminal commitment.  Id., ¶ 5.  In light of the foregoing, Plaintiff seeks immediate release, exoneration from all charges and unspecified monetary damages.  Having considered the allegations raised in the Complaint, and, based on the reasons that follow, the Court concludes that the Complaint should be dismissed for failure to state a claim and as premature.

## STANDARD OF REVIEW

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996). Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Tort Claims Act . . . many of which are routinely dismissed as legally frivolous." Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), that a court must dismiss, at the earliest practicable time, any prisoner actions that are frivolous or malicious, fail to state a claim, or seek monetary relief from immune defendants.  In determining the sufficiency of a complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  This Court need not, however, lend credit to a pro se plaintiff's "bald assertions" or "legal conclusions." Id.  The Court of Appeals for the Third Circuit recently provided a detailed and highly instructive guidance as to what kind of allegations qualify as pleadings sufficient to pass muster under the Rule 8 standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Court of Appeals guided as follows:

> "While a complaint . . . does not need detailed factual allegations, a plaintiff's [Rule 8] obligation [is] to provide the 'grounds' of his 'entitle[ment] to relief' requires [by stating] more than labels and conclusions, and a formulaic recitation

> of the elements of a cause of action . . . ." [Bell Atl. Corp. v.] Twombly, 127 S. Ct. [195,] 1964-65 [(2007)]. Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965 n.3. . . . [In fact,] the Supreme Court [expressly] disavowed certain language that it had used many times before -- the "no set of facts" language from [a pre-Twombly case]. See id. at 1968.

Phillips, 515 F.3d at 230-32 (original brackets removed).

## DISCUSSION

I.   **Plaintiff's Allegations Against the Prosecutors' Office**

Plaintiff alleges that "[t]his coporation has committed fraud against this Plaintiff sixteen (16) times dating from 1980 to 2004 and plaintiff is still as of to date, being held unconstitutionally from this fraud." (Compl. at 4). Plaintiff also alleges that the Prosecutors' Office has discriminated against Plaintiff "because of his ethnic and economic status, denying equal protection of law." (Id.). Plaintiff's allegations against the Prosecutors' Office fail for three reasons.  First, all allegations with respect to the criminal actions against Plaintiff that took place between 1984 and 2004 are time-barred.  Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  See Wallace v. Kato, 127 S.Ct. 1091 (2007).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Twp. Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Unless their full application would defeat the goals of the federal statute at issue, courts should not unravel states' interrelated

limitations provisions regarding tolling, revival, and questions of application.[1]  See Wilson v. Garcia, 471 U.S. 261, 269 (1985).  Consequently, Plaintiff's allegations set forth in a Complaint executed on May 16, 2008,[2] and addressing events that took place between 1984 and 2004, are hereby dismissed as time-barred.

Second, Plaintiff's allegations against the Prosecutors' Office should be dismissed because the Prosecutors' Office is not a "person" subject to suit under 42 U.S.C. § 1983.  See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 688-90 (1978); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Martin v. Red Lion Police Dep't, 146 F. App'x, 558, 562 n.3 (3d Cir. 2005).

Finally, even if this Court were to construe Plaintiff's allegations against the Prosecutors' Office as claims against actual prosecuting attorneys rather than the Prosecutors' Office as a whole – and even if the Court were to ignore the untimeliness of said claims – the claims would still be barred because prosecutors are absolutely immune from actions brought against them under § 1983 for their role in "initiating and pursuing a criminal prosecution."  Kalina v. Fletcher, 522 U.S. 118 (1997) (quoting Imbler v. Pachtman, 424 U.S. 409 (1976)).

---

[1] New Jersey statutes set forth certain bases for "statutory tolling."  See, e.g., N.J. Stat. Ann. § 2A:14-21 (detailing tolling because of minority or insanity); N.J.S.A. § 2A:14-22 (detailing tolling because of nonresidency of persons liable).  In addition, New Jersey law permits "equitable tolling" where "the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass," or where a plaintiff has "in some extraordinary way" been prevented from asserting his rights, or where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum.  See Freeman v. State, 347 N.J. Super. 11, 31, 788 A.2d 867 (App. Div.) (citations omitted), cert. denied, 172 N.J. 178, 796 A.2d 895 (2002).  Here, however, Plaintiff's Complaint is void of any statements suggesting that either the statutory or equitable tolling might be applicable.

[2] See CM/ECF Docket Entry No. 1, at 8.

Consequently, Plaintiff's allegations against the Prosecutors' Office are hereby dismissed with prejudice.

## II.     Plaintiff's Allegations Against the Judge

Plaintiff's Complaint alleges that Judge DeStefano "allowed plaintiff to be confined . . . unconstitutionally and send [sic] to prison without subject matter jurisdiction of matter or person." (Compl. at 5). However, the Judge is absolutely immune from suit under 42 U.S.C. § 1983. "[J]udges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000) (quoting Stump v. Sparkman, 435 U.S. 349, 355-6 (1978)).  Because the alleged wrongdoing by the Judge consists of judicial acts which are absolutely protected from suit for damages under § 1983, all of Plaintiff's claims against the Judge are dismissed with prejudice.

## III.    Plaintiff's Allegations Against the Administrators

Plaintiff alleges that "[t]he administration of Hudson County . . . has accepted and detained Plaintiff without proof of 'subject matter jurisdiction' or 'proof of claim,' over sixteen (16) times, denying Plaintiff due process and equal protection of law." (Compl. at 6).  In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254. The Court ultimately held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.  Hence, to the extent that Plaintiff asserts that his imprisonment is

wrongful and asks for his release, his claims are not cognizable in this § 1983 action, and will be dismissed with prejudice for failure to state a claim upon which relief may be granted, but without prejudice to the extent that Plaintiff wishes to reassert such claims in a habeas action. (This Court, however, expresses no opinion as to the procedural or substantive viability of such action.).

To the extent that Plaintiff seeks damages for his confinement, these claims are barred by the holding of Heck v. Humphrey, 512 U.S. 477 (1994).  In Heck v. Humphrey, the Court explained that,

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

Id. at 486-87 (footnote omitted).  The Court also held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.  Since the claims asserted by Plaintiff (seeking damages for his imprisonment pursuant to allegedly wrongful criminal convictions and injunctive relief other than release from confinement) are the type of claims which, if granted, would necessarily demonstrate the invalidity of his convictions, and no statement made in Plaintiff's Complaint suggests that these convictions were invalidated by either a state order or by a grant of a habeas writ, these claims have not yet accrued and must be dismissed, without prejudice.

Finally, Plaintiff also alleges that "[t]he administration of Hudson County has never recognized Plaintiff's pro-se motions." (Id. at 5). Such allegations fail to state a claim, since there is no Fourteenth Amendment right to force officials to investigate or respond to administrative grievances. A failure to respond to an inmate's grievances "does not violate his rights to due process and is not actionable."[3] Stringer v. Bureau of Prisons, 145 Fed. Appx. 751, 753 (3d Cir. 2005) (citing Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996)). Therefore, these claims are dismissed with prejudice for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the foregoing reasons, the Court (a) grants Plaintiff's application to file the Complaint in forma pauperis, and (b) dismisses Plaintiff's Complaint. All claims, except those barred by the holding of Heck v. Humphrey, 512 U.S. 477 (1994), are dismissed with prejudice. Those claims barred by the holding of Heck v. Humphrey, 512 U.S. 477 (1994), are dismissed without prejudice. An appropriate order accompanies this Opinion.

/s/ Jose L. Linares
United States District Judge

DATED: July 15, 2008

---

[3] Moreover, if this Court were to construe these allegations as a First Amendment claim asserting a violation of the Petition Clause, Plaintiff's allegations fail to state a claim because the right to petition the government for redress of grievances does not include the right to receive a response from a particular official. See Minnesota State Bd. for Cmty. Colls. v. Knight, 465 U.S. 271, 285 (1984); see also Smith v. Arkansas State Highway Employees, 441 U.S. 463, 465 (1979) (per curiam); Foraker v. Chaffinch, 501 F.3d 231, 237 (3d Cir. 2007).